FRANCIS W. BROWN ET AL., APPELLANTS, V. W. H. ENGLAND ET AL., APPELLEES.

FILED JANUARY 20, 1910.   No. 15,775.

Intoxicating Liquors: APPEAL: DISMISSAL. W. applied to the excise board of the city of L. for a license to sell intoxicating liquors. The application was not made in his own interest, but for the benefit of another. The board granted the license. The remonstrators appealed to the district court, where the action of the board was reversed and the license revoked, the court finding specifically that the applicant was not the real party in interest. The excise board excepted to the judgment and appealed to this court, the purpose of the appeal being to test the validity of certain rules enacted by them. *Held*, That in the condition of the record the questions presented could not be legally examined, and the appeal is dismissed.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Appeal dismissed.*

*John M. Stewart* and *T. F. A. Williams,* for appellants.

*Charles O. Whedon, contra.*

REESE, C. J.

An application was made to the excise board of the city of Lincoln, by F. J. Walton, for a license to sell intoxicating liquors "at No. 835 in building situated on lots 1, 2, 3, 4, 5, block 44, fronting on P street, in said city (referring to the city of Lincoln)." A remonstrance was filed, assigning a number of grounds why the license should not issue, among which was a denial that the applicant was acting in good faith and in his own behalf.

After a prolonged hearing, in which it appeared that the place where the proposed saloon was to be conducted was in the Lincoln hotel, of which the applicant was assistant manager, and that, in fact, the license sought was for the benefit of said hotel, owned by a corporation, the license was granted, when an appeal was taken to the district court. Upon a hearing in that court the action of the excise board in granting a license was reversed, the court finding "generally in favor of remonstrators and against the applicant; and further finds specifically that the applicant is not the real party in interest." Judgment was then entered sustaining the remonstrance, denying the petition of the applicant, reversing the action of the board in granting the license and ordering the license revoked. This judgment was rendered on the 10th day of June, 1908. On the same day Walton filed a motion for a rehearing and to set aside the judgment. On the first day of July, of the same year, this motion was overruled. On the 13th day of July, 1908, a transcript of the proceedings was filed in this court, with precipe, in which the clerk was instructed to designate "Francis W. Brown, Julius C. Harpham and Ulysses G. Powell, Excise Board of the city of Lincoln as appellants," and the remonstrators (naming them) as appellees. On the 31st day of December, 1908, another precipe was filed similar to the former one, except that F. J. Walton's name was added to those to be designated as appellants, and which was signed for him by counsel other than those who had signed the first one. A notice of appeal was also filed by him, but of which the record does not show service. On the 5th day of June, 1909, the appeal of Walton was, on motion of the remonstrators, dismissed, leaving the members of the excise board as the sole appellants. A motion to dismiss their appeal was also filed and submitted, but was overruled in order that the questions presented might be retained for further consideration. The evidence taken before the excise board, and which is preserved by the bill of exceptions, clearly shows that

Walton, the applicant, was not the party in whose interest the license was sought, and that the decision of the district court in so holding was correct.   Had his appeal been taken within the time prescribed by law, that question might have served as a basis therefor, and the question have been open for reexamination; but such is not the case, and the cause fails to present any legitimate question for review.   From the brief and argument presented by the excise board it is made to appear that the purpose of their appeal is to obtain a ruling on the question of the validity of certain rules enacted by them, but in the condition of this record it must be apparent that the board can have no standing in this appeal, and that the questions presented cannot be examined.

This appeal is

DISMISSED.